James David TUTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00292–CR.

Court of Appeals of Texas,
Tyler.

Aug. 29, 1996.

Rehearing Overruled Nov. 6, 1996.

Discretionary Review Refused
Feb. 12, 1997.

Paul Tatum, Nacogdoches, for appellant.

Tim James, Nacogdoches, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

█ James David Tutt ("Appellant") was convicted of driving while intoxicated, enhanced by two prior felony convictions. After the jury found Appellant guilty, it assessed his punishment at thirty-five years' confinement. Appellant's counsel initially assigns six points of error. In points seven through fifteen, Appellant submits his *pro se* points.[1] Having found no error, we will **affirm**.

On the 24th day of May, 1993, Highway Patrolmen Jerry Teer and John Hooper (the "officers") observed Appellant driving with only one headlight. The officers testified that when they stopped Appellant, he was not steady on his feet, had to lean on the car for support, had a strong odor of alcohol about his person, and had glassy eyes. Further, when asked to perform a field sobriety test, Appellant performed the test poorly. Both Teer and Hooper testified that, in their opinion, Appellant did not have normal use of his mental and physical faculties, and that he had been drinking quite awhile. Appellant refused to take a breath test. The officers

arrested Appellant for driving while intoxicated ("DWI").

Patsy Woods testified on behalf of Appellant, stating that Appellant worked on her car from 6:00 or 6:30 p.m. until around 9:00 or 9:30 p.m.; that she did not see Appellant drink any type of alcoholic beverage while he was at her house; and that, in her opinion, Appellant was not intoxicated when he left. Sharon Townsend, a passenger in Appellant's vehicle when the officers stopped him, also testified that she had been with Appellant all day, and that the only alcohol he had was a couple of beers at lunch.

█ In Appellant's first, second, and third points of error, Appellant alleges that he received ineffective assistance from his trial counsel. Appellant argues that his counsel's errors were so serious that he was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. Specifically, Appellant alleges that his attorney failed to object to State's Exhibits Five, Six, and Seven during the punishment phase of the trial. Appellant maintains that his attorney should have objected to the admission of Exhibits Five, Six, and Seven because the arrest records contained the following: mere arrests, not convictions; misdemeanor arrests for offenses that were not crimes of moral turpitude; and arrests that were too remote in time from the trial of Appellant's case. Appellant also complains that Exhibit Seven should not have been admitted because there is no evidence showing Appellant was the individual named in the criminal history. We disagree with Appellant's contentions.

Exhibit Five is an arrest record from the Nacogdoches Police Department. It contains forty entries, detailing miscellaneous felonies and misdemeanors for which Appellant was arrested since January of 1978. Exhibit Six consists of the criminal docket sheet for Nacogdoches Municipal Court, and Exhibit Seven is a Department of Public Safety criminal history. All were properly authenticated.

---

1. Although points of error numbers seven through fifteen have been incorporated in Appellant's brief, Appellant specifically points out they are Appellant's *pro se* grounds of error. A court is not required to accept hybrid representation.

*Landers v. State,* 550 S.W.2d 272, 280 (Tex.Cr. App.1977). In the interest of justice, however, we have examined each of Appellant's points of error.

Much of the information in the exhibits was cumulative, and other exhibits show convictions for the arrests found in Exhibits Five, Six, and Seven. Additionally, Appellant testified on his own behalf; admitted that Exhibits Five, Six, and Seven were true and correct; and proceeded to give his inculpatory version of what had happened in his arrests and convictions. For instance, Exhibit Five reflected Appellant was charged with rape of a child in 1978. Appellant explained that the victim was the woman who later became his wife, and the charges were dismissed. Appellant also explained that he and his wife could not get along, and such discord was the reason for the domestic problems reflected in the criminal histories.

"The test for effectiveness of counsel in the punishment phase of a non-capital offense is, first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance." *Craig v. State,* 825 S.W.2d 128, 130 (Tex.Cr.App.1992).[2] The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Cr.App.1980). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonably professional assistance. *Martinez v. State,* 675 S.W.2d 573, 575 (Tex.App.—San Antonio 1984, no pet.). "[I]solated instances of counsel's failure to object to the admission of improper evidence at trial is not sufficient to constitute ineffective representation." *Cabello v. State,* 655 S.W.2d 293, 298 (Tex.App.—Corpus Christi 1983, no pet.). Moreover, trial counsel is certainly not ineffective for failure to make meritless objections. *Riles v. State,* 595 S.W.2d 858 (Tex.Cr.App.1980).

Under each of these points of error, Appellant argues that some of the arrests reflected in these exhibits were either too remote or not crimes of moral turpitude, relying upon Rule 609 of the Texas Rules of Criminal Evidence. By its terms, Rule 609 of the Rules of Criminal Evidence addresses the use of criminal convictions to impeach a witness. TEX.R.CRIM. EVID. 609. The Rule states that evidence that a witness has been convicted of a crime shall be admitted, but only if the crime was a felony or involved moral turpitude. The Rule further provides that such convictions are not admissible if more than ten years has elapsed since the date of conviction.

Appellant's reliance on Rule 609 is misplaced. Initially, Rule 609 does not apply to Appellant's situation at trial. Rule 609 governs only impeachment of a witness. The State did not offer Appellant's arrest records during the punishment phase for the purpose of impeaching a witness, but rather for the purpose of proving Appellant's criminal history. An objection based on Rule 609 is meritless. Further, much of the information contained in State's Exhibits Five, Six, and Seven was cumulative of other evidence of which Appellant does not complain. Appellant himself testified at length regarding his arrest for various offenses and pleaded true to the enhancement paragraphs of the indictment. Although Appellant correctly states that the State did not provide any evidence identifying Appellant as the individual in the arrest records, Appellant's admission supplies the identification. Additionally, because Appellant's trial counsel knew that the convictions would probably be admitted anyway, it could be considered trial strategy to not object so that these could be "lost in the crowd." Finally, Appellant's trial counsel otherwise conducted Appellant's trial in a professionally reasonable manner, including skillful examination of the venire during *voir dire,* and proper objections during the trial. Based on the totality of the circumstances, the trial counsel's decision to not object to Exhibits Five, Six, and Seven could have been based on a trial strategy to not call undue attention to the arrest records. We

**2.** Although Appellant cites the Court to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Texas Court of Criminal Appeals has held that the *Strickland* standard for effectiveness of counsel does not apply to the punishment phase in non-capital cases. *Craig v. State,* 825 S.W.2d 128, 129 (Tex. Cr.App.1992). Rather, an appellate court is to apply the standard set forth in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980). Therefore, this Court applies *Duffy* to Appellant's claim of ineffectiveness at the punishment phase and *Strickland* to counsel's alleged shortcomings at the guilt/innocence phase of the trial.

overrule Appellant's first, second, and third points of error.[3]

In his fourth, fifth, sixth, seventh, tenth, and eleventh points of error, Appellant alleges that he did not receive effective assistance of counsel during the guilt/innocence phase of the trial. We will address each of these points in light of the standard enunciated by the Supreme Court in *Strickland v. Washington.*

To determine claims of ineffective assistance of counsel during the guilt/innocence phase, the Texas Court of Criminal Appeals has adopted the two-pronged analysis set forth in *Strickland v. Washington. Hernandez v. State,* 726 S.W.2d 53 (Tex.Cr.App. 1986). First, a "defendant must show that counsel's performance was deficient, to the extent that counsel failed to function as the 'counsel' guaranteed by the Sixth Amendment." *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Cr.App.1994) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Second, "the defendant must show that counsel's deficient performance prejudiced the defense." *Id.* "To show prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Jackson,* 877 S.W.2d at 771 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068). It is the defendant's burden to prove ineffective assistance. *Jackson,* 877 S.W.2d at 771.

■ Appellant's fourth point of error asserts that Appellant did not receive effective assistance of counsel because his attorney did not object to the State's attorney's reference to enhancement paragraphs during *voir dire.* We disagree.

■ Prior to the punishment phase of the trial, the State cannot read the enhancement paragraph of an indictment or information to the jury. TEX.CODE CRIM. PROC. ANN. § 36.01(a)(1) (Vernon Supp.1996). Similarly,

the State is prohibited from enumerating the specifics of prior offenses before the punishment hearing. *Frausto v. State,* 642 S.W.2d 506, 509 (Tex. Cr.App. [Panel Op.] 1982). However, the State does not commit reversible error when it informs a jury panel that there is an enhancement count, but does not allude to the specifics of the allegations in the enhancement paragraph. *Ashcraft v. State,* 900 S.W.2d 817, 832 (Tex.App.—Corpus Christi 1995, pet. ref'd and pet. dism'd).

Appellant complains of the following portion of *voir dire* and the statements made by the State's attorney:

> MRS. WEESNER (Prosecutor): Could you see in a DWI case, what we call it as enhancing, having prior felonies and enhancing that range of punishment, could you see a scenario where you might find someone guilty and punish them for 25 years if they had enough prior felonies? Okay. Is there anyone else that, or anyone that feels as [juror] feels, that if they've got enough prior felonies that 25 years just for a DWI would seem okay? Does anyone—Yes, sir. Your comments on that. Mr. Ballow.
>
> (22) JOSEPH HAMBRICK: Hambrick.
>
> MRS. WEESNER: Well, we've got two of them here. I'll come to you in just a minute, Mr. Hambrick.

The prosecutor's remark was within the permissible scope of *voir dire.* It is unclear whether the prosecutor was referring to two venirepersons wishing to answer her question or two enhancement felonies for purposes of punishment. However, the prosecutor clearly did not mention any details or specifics of the enhancement paragraphs of Appellant's indictment. The mere mention of the enhancement paragraphs is not reversible error. Therefore, trial counsel's failure to object does not constitute ineffective assistance of counsel. Accordingly, we overrule Appellant's fourth point of error.

■ In his fifth point of error, Appellant argues that trial counsel was ineffective for allowing the jury to hear evidence that Ap-

---

**3.** The State relied on Section 37.07 of the Code of Criminal Procedure as allowing admission of this information. However, the Act provides that

it does not apply to offenses committed prior to the Act's effective date, September 1, 1993. Appellant's offense occurred on May 24, 1993.

pellant was wanted for a parole violation. We disagree.

Appellant's trial counsel did not object to the State's direct examination of Officer Hooper in which Hooper testified that a warrant had been issued for Appellant's arrest for a parole violation. In fact, during his cross-examination of Hooper, counsel for Appellant elicited additional testimony that officers arrested Appellant just after receiving the report of Appellant's parole violation. During the cross-examination of Trooper Hooper, the following exchange took place:

Q I—Is it in D.P.S. policies and procedures to arrest someone that you know has an outstanding warrant for them—

A Yes.

Q —if they're in your presence?

A Yes.

Q Is the parole warrant the type of warrant that you would feel comfortable in doing a warrantless arrest?

A Yes.

Q And yet you're telling this Court and this jury that the fact that you knew on the scene that there was an outstanding parole warrant for Mr. Tutt was not the reason you were arresting him?

This line of questioning was very likely trial strategy to show that the troopers had, in fact, arrested Appellant for the parole warrant and not for intoxication. This is buttressed by counsel's cross-examination of Trooper Teer in which the following occurred:

Q You indicated earlier that you only performed one field sobriety test, is that correct?

A Yes, sir.

Q And that you ceased the performance of further field sobriety tests when you found out that he was—that there was a warrant out for him for parole violation; is that correct?

A Yes, sir.

Q Did you cease performing the field sobriety test because at the instance you found out that there was a parole violation out, that you knew at that moment that you did not need to make any

further examinations of Mr. Tutt, you had good reason to take him right then?

▉ The State contends that Appellant's trial counsel elicited the above testimony to demonstrate that the officers arrested Appellant on the parole violation warrant and not for driving while intoxicated. Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. It is plausible that Appellant's trial counsel did not make the choice to allow the testimony in an effort to show that the troopers were in the process of determining whether Appellant was intoxicated when the parole violation report was received and, at that point, arrested Appellant on that warrant and not for DWI. This Court will not second guess, on appeal, trial counsel's reasonable trial strategy. We therefore overrule Appellant's fifth point of error.

▉ In his sixth point of error, Appellant alleges that he did not receive effective assistance of counsel because his trial counsel did not request instructions limiting the jury's consideration of Appellant's "prior criminal trouble" in the guilt/innocence phase of his trial. At the guilt/innocence phase of Appellant's trial, the State offered evidence of two prior offenses for DWI. Additionally, the arresting officers testified that, while arresting Appellant, they discovered a parole violation warrant for his arrest. Appellant argues that since such evidence was before the jury, it was incumbent upon trial counsel to seek an instruction as to the weight to be given to such extraneous matters. We disagree.

▉ A defendant is to be tried for the crime alleged in his indictment and not for being a criminal generally. *Abdnor v. State,* 871 S.W.2d 726, 738 (Tex.Cr.App.1994). "Thus, evidence of extraneous offenses or bad acts committed by a defendant may not be introduced during the guilt/innocence portion of the trial to show that the defendant acted in conformity with his criminal nature." *Id.* However, the State is required to prove

every element of a charged offense in order to convict a person. TEX. PENAL CODE ANN. § 2.01 (Vernon 1994). If evidence of a prior conviction is admitted to prove a main fact in the case, no limiting instruction is required. *Porter v. State,* 709 S.W.2d 213, 215 (Tex.Cr. App.1986).

A limiting instruction was not appropriate under these circumstances. Appellant was charged with felony DWI. The State was required to prove Appellant's two prior DWI convictions in order to prove the elements of felony DWI. Any objection by trial counsel to evidence of these convictions would have been meritless. Additionally, Appellant's trial counsel may have allowed testimony regarding the parole violation in order to attack the troopers' opinion of intoxication, and therefore, a limiting instruction would not have been appropriate. Further, as evidence of Appellant's two prior DWI convictions was properly before the jury, the jury was already fully aware that Appellant had been incarcerated. We therefore overrule Appellant's sixth point of error.

■ All remaining points of error are Appellant's *pro se* points. In his seventh and tenth points of error, Appellant alleges that his trial counsel was ineffective because he did not subpoena or call certain potential witnesses. We disagree.

■ Trial counsel is not necessarily ineffective for failure to call every witness requested by a defendant. *Lopez v. State,* 838 S.W.2d 758, 759 (Tex.App.—Corpus Christi 1992, no pet.). Counsel's failure to call witnesses at the guilt/innocence stage of a trial is irrelevant absent a showing that the witnesses were available and that Appellant would have benefitted from their testimony. *King v. State,* 649 S.W.2d 42, 44 (Tex.Cr.App. 1983).

In his brief, Appellant claims that his trial counsel should have called Stan Simms and Greg Simms as witnesses. Appellant further insists that these witnesses would have been able to testify that Appellant was not drinking while he was at work. However, there is no evidence in the record that either of these witnesses was available or that they would have testified as Appellant suggests. Addi-

tionally, the testimony of Stan Simms and Greg Simms, as characterized by Appellant, would merely have been cumulative of other testimony by Patsy Woods and Sharon Townsend. As Appellant has failed to demonstrate that, but for his counsel's alleged errors, the outcome of the trial would have been different, we overrule Appellant's seventh and tenth points of error.

■ Appellant's eleventh point of error addresses Appellant's claim that his trial counsel was ineffective for failure to cross-examine the State's witnesses. We disagree.

■ The cross-examination of witnesses is inherently based on trial strategy. "Matters of trial strategy are reviewed only if an attorney's actions are without any plausible basis." *Shepherd v. State,* 673 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Where an appellant does not discuss how the cross-examination was improper, nor suggest questions his trial counsel should have asked, such appellant fails to demonstrate that his trial counsel's actions were without any plausible basis. *Id.*

At Appellant's trial, Officer Hooper testified regarding the events of Appellant's arrest while refreshing his memory from a report prepared by Officer Teer. During his cross-examination of Hooper, Appellant's counsel made the point that Hooper had not prepared the report. Appellant does not suggest what purpose further cross-examination of Hooper would have served. Neither does Appellant suggest what questions his trial counsel should have asked Hooper. We therefore overrule Appellant's eleventh point of error.

In his eighth point of error, Appellant alleges the trial court erred in suppressing evidence, a tape of Appellant's revocation hearing, subpoenaed for the purpose of impeaching Officers Teer and Hooper. We disagree.

The record reflects that the trial court did not suppress the audio tape of Appellant's revocation hearing. Appellant's trial counsel offered the tape for the limited purpose of impeaching Officer Teer. The court indicated that Appellant could use the tape for that limited purpose. However, Appellant's coun-

sel withdrew his offer of the tape. The trial court did not err, and we overrule Appellant's eighth point of error.

In Appellant's ninth point of error, Appellant alleges that the trial court erred in allowing Officer Hooper to testify after committing perjury. However, Appellant presents no evidence that Hooper committed perjury. We therefore overrule Appellant's ninth point.

In his twelfth point of error, Appellant alleges the trial court erred in denying his counsel the opportunity to inspect notes in the possession of a testifying witness. We disagree.

At the outset, we note that Appellant did not timely object to the trial court's refusal to recess court so that his counsel might review certain notes. Neither has Appellant cited any authority to the Court on this point. However, in the interest of justice, we will consider Appellant's point.

At trial, Officer Teer testified from notes. Appellant's counsel requested a recess to review the notes. The trial court did not recess, but did allow Appellant's counsel to review Teer's notes in court, since the notes merely consisted of two pages. Appellant's counsel appears to have had ample time to review Teer's notes. We therefore overrule Appellant's twelfth point of error.

In his thirteenth point of error, Appellant alleges the trial court committed reversible error by admitting into evidence the audio portion of the videotape offered as State's Exhibit Four, wherein Appellant invoked his right to counsel. We disagree.

"Error may not be predicated upon a ruling which admits ... evidence unless ... a timely objection appears of record, stating the specific ground of objection." TEX. R.CRIM. EVID. 103(a)(1). Further, "[t]he burden is on the appellant to see that a sufficient record is presented to show error requiring reversal." TEX.R.APP. P. 50(d); see *Garcia v. State*, 901 S.W.2d 724, 729 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd) (Appellant waived error regarding the admission of a videotape where videotape was not made part of the record).

At trial, Appellant did not object to the introduction of the videotape of his arrest. Neither has Appellant included the videotape as a part of the record on appeal. We therefore overrule Appellant's thirteenth point of error.

In his fourteenth point of error, Appellant claims that the State's attorney committed reversible error by stating her personal beliefs as to why Appellant refused a breath test. We disagree.

"For a prosecutor to argue outside the record and inject personal opinion is improper. However, where the trial court sustains the appellant's objection and instructs the jury to disregard the statements as to the prosecutor's personal opinion, then error, if any, is cured." *Boyd v. State*, 643 S.W.2d 700, 706 (Tex. Cr.App. [Panel Op.] 1982) (citations omitted).

During her closing argument, the State's attorney remarked:

He [Appellant] refused that breath test, not because he was protesting this accusation but because he knew if he blew into that machine it was going to prove beyond any doubt that he was intoxicated.

Appellant's trial counsel objected to the prosecutor's comments. The trial court instructed the jury to disregard the prosecutor's comment and to not consider such comment for any purpose. The court's instruction effectively cured any error in the prosecutor's remark. We therefore overrule Appellant's fourteenth point of error.

In his fifteenth point of error, Appellant alleges that the evidence was legally insufficient to convict him of DWI. We disagree.

In reviewing a legal insufficiency or "no evidence" point, the appellate court must view the entire body of evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *King v. State*, 895 S.W.2d 701, 703 (Tex.Cr.App.1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)).

The State is required to prove every element of an offense beyond a reasonable doubt. TEX. PENAL CODE ANN. § 2.01 (Vernon 1994). "A person commits an offense [of driving while intoxicated] if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.1996). Further, to prove felony DWI, the State must prove that a defendant has been convicted of two prior offenses.

A rational jury could have found that Appellant committed the offense of DWI beyond a reasonable doubt. The State offered evidence that Appellant smelled strongly of alcohol, was not steady on his feet, had to lean on the car for support, and had glassy eyes. Appellant performed poorly when asked to take a field sobriety test. Appellant refused to take a breath test for alcohol. Appellant admitted having beers earlier in the day. With regard to the prior offenses necessary to prove felony DWI, the State introduced judgments of the Appellant's previous convictions for DWI. There was sufficient evidence to conclude beyond a reasonable doubt that Appellant was driving while intoxicated. We therefore overrule Appellant's fifteenth point of error.

Having found no error, the judgment of the trial court is **affirmed**.