TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00468-CR


NO. 03-98-00445-CR






Donerick Tyrie Jones, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 227TH JUDICIAL DISTRICT


NOS. 96-CR-2328 & 96-CR-2327, HONORABLE MIKE M. MACHADO, JUDGE PRESIDING







 Appellant Donerick Tyrie Jones pleaded guilty and judicially confessed to two
separate counts of aggravated robbery. See Tex. Penal Code Ann. § 29.03 (West 1994). The
district court adjudged appellant guilty and sentenced him to two concurrent terms of twelve years
imprisonment and a $1000 fine.

 In his sole issue on appeal, appellant contends that his guilty plea was not
knowingly and voluntarily made because he was denied effective assistance of counsel. 
Specifically, appellant argues that his counsel was ineffective in (1) failing to investigate and call
potential witnesses, (2) failing to assure that appellant knew and understood the consequences of
pleading guilty, and (3) failing to vigorously challenge the in-court identification of appellant
through cross-examination. 

 In Hill v. Lockhart, 474 U.S. 52 (1985), the U.S. Supreme Court held that the
two-part test announced in Strickland v. Washington, 466 U.S. 688 (1984), applies to challenges
to guilty pleas based on ineffective assistance of counsel. See also Pool, 738 S.W.2d 285, 286
(Tex. Crim. App. 1987); Ex parte Adams, 707 S.W.2d 646 (Tex. Crim. App. 1986). First, the
defendant must show that counsel's performance was deficient, falling below an objective standard
of reasonableness. See Strickland, 466 U.S. at 687; see also Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). Second, the defendant must show that counsel's deficient
performance prejudiced the defense. See Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at
771. To demonstrate prejudice, the defendant must show that "there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694; see also Jackson, 877 S.W.2d at 771; Wilkerson v. State,
726 S.W.2d 542, 548 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987).

 The defendant bears the burden of proof on both prongs of the Strickland test. See
Jackson, 877 S.W.2d at 771. To successfully challenge his guilty plea on a claim of ineffective
assistance of counsel, appellant is required to show that his counsel's representation was not within
the range of competence demanded of attorneys in criminal cases and that, but for counsel's
errors, he would not have pleaded guilty and would have insisted on going to trial. See Pool, 738
S.W.2d at 286. The reviewing court must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance. "The defendant must overcome
the presumption that, under the circumstances, the challenged action 'might be considered a sound
trial strategy.'" Strickland, 466 U.S. at 689; see also Jackson, 877 S.W.2d at 771. In other
words, the record presented to the reviewing court must rebut the presumption of reasonable
professional assistance. Jackson, 877 S.W.2d at 771.

 First, appellant alleges his counsel was ineffective because he did not interview,
subpoena, or call two potential alibi witnesses. "Trial counsel is not necessarily ineffective for
failure to call every witness requested by a defendant." Tutt v. State, 940 S.W.2d 114, 121 (Tex.
App.--Tyler 1996, pet. ref'd); Lopez v. State, 838 S.W.2d 758, 759 (Tex.App.--Corpus Christi
1992, no pet.). Counsel's failure to call witnesses is irrelevant absent a showing that the witnesses
were available and that appellant would have benefitted from their testimony. King v. State, 649
S.W.2d 42, 44 (Tex. Crim. App. 1983); Tutt, 940 S.W.2d at 121.

 Appellant claims that his trial counsel should have called Cheryl Davis and Andre
Trayview as witnesses. He contends that these witnesses would have been able to testify that
appellant was at their house when the offenses occurred. Other than appellant's testimony at the
hearing on the motion for new trial, however, there is no evidence in the record that either of these
witnesses was available or that they would have testified as appellant suggests. Neither possible
witness testified a the hearing on the motion for new trial. The district court, sitting as trier of
fact at the new trial hearing, was the sole judge of the credibility and weight of the evidence. See
Messer, 757 S.W.2d 820, 824 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd). The court was
not required to accept as true appellant's claim that he told his counsel about the two alibi
witnesses. See id.

 Second, appellant claims his counsel was ineffective because he misled and
misinformed appellant about the parole consequences of a conviction for a deadly weapon offense,
failed to review the stipulated evidence with appellant before he entered his guilty plea, and failed
to explain to appellant the effect of his guilty plea on his right to appeal. Before pleading guilty,
appellant was admonished as required by statute. See Tex. Code Crim. Proc. Ann. art. 26.13(a)
(West 1989). (1) The record reflects the trial court properly admonished appellant, and that appellant
understood the full range of punishment was left up to the judge:


THE COURT: In each case you're charged with -- as I said, with
aggravated robbery, a first degree felony. Should you
be convicted of aggravated robbery, punishment will
range from not less than five years, nor more than 99
years, or life, and the possibility of a -- possibility of a
fine of up to $10,000. That's for each case. Do you
understand?


THE DEFENDANT: Yes, sir.


THE COURT: You've applied for deferred adjudication and probation,
neither of which of course are guaranteed.


 You understand that?


THE DEFENDANT: Yes, sir.


THE COURT: Deferred adjudication is an unusual kind of a
proceeding. An individual charged with an offense
comes into court, files an application for deferred
adjudication, for probation, and enters a plea. And if
the Court should grant the application for deferred
adjudication, that individual will be placed on probation
for a specified period of time. 


 And if the person completes the probationary period
without any difficulty, that ends the matter. No
conviction, no finding of guilt.


 On the other hand, if the person who has been
granted deferred adjudication and placed on probation
should violate the terms and conditions of probation,
should probation be revoked and the person thereafter
adjudicated guilty, at that point the Court could assess
whatever punishment the Court wanted within that
bracket of offense.


 And in these cases you're charged with a first degree
felony. Now, I've already told you what the punishment
is, so you could get as much as 99 years or life. And
then if you have both cases, that could be stacked against
you.


 Do you understand that?


THE DEFENDANT: Yes, sir.


THE COURT: Finally, I tell you that in the event you should be found
guilty, should the State make a recommendation as to
punishment based upon a plea bargain between you and
your attorney and the State, and should the Court follow
the recommendation of the State and assess a punishment
suggested, or one less than that recommended, the Court
could deny your right to appeal, under and by virtue of
Article 44.02 of the Code of Criminal Procedure, which
permits the Court to do so under those circumstances.


 Do you understand that?


THE DEFENDANT: Yes.



The trial court further questioned appellant and his counsel as follows:



THE COURT: Is [appellant] knowingly, willing, intentionally and
intelligently waiving a jury and entering a plea of guilty
in each case?


DEFENSE COUNSEL: Yes, Your Honor.


THE COURT: Mr. Jones, are you pleading guilty in each case because
you are guilty?


THE DEFENDANT: Yes, sir.


THE COURT: Nobody has forced you, threatened you, coerced you,
intimidated you, done anything to make you plead guilty
in each and both of these cases?


THE DEFENDANT: No, sir.


THE COURT: And you're not doing so because of any promise made
by anyone whomsoever? No one has promised you
anything, in other words; is that correct?


THE DEFENDANT: Yes, sir.


THE COURT: So you're pleading guilty in each case because you are
guilty and for no other reason; is that correct?


THE DEFENDANT: Yes, sir.


In view of the clear admonitions given by the trial court before the plea, which the appellant
admitted he understood, we conclude that appellant cannot credibly contend that his plea was
involuntary and that he was denied effective assistance of counsel. See Messer v. State, 757
S.W.2d at 826; see also Rodriguez v. State, 933 S.W.2d 702, 705-06 (Tex. App.--San Antonio
1996, pet. ref'd). Further, any erroneous advice of counsel on the subject of parole eligibility,
including the effect of a conviction for a deadly weapon offense, will not render appellant's plea
involuntary. See Evans, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).

 Finally, appellant claims his counsel was ineffective because he failed to adequately
cross-examine the complaining witness and the investigating officer about the in-court
identification of appellant during the hearing on appellant's motion to suppress. Cross-examination of witnesses is inherently based on trial strategy. Appellant contends his trial counsel
did not question the complaining witness about the accuracy of his description of the robber, the
existence of any distractions, and the length of the encounter, among others. Appellant further
argues that his trial counsel failed to question the investigating officer about the description of the
robber given to police by the complaining witness or the physical descriptions of other suspects.
We agree that vigorous cross-examination could have led to some additional information beneficial
to appellant. However, vigorous cross-examination could also have led to further damaging
testimony. Any error in trial strategy will be deemed inadequate representation only if counsel's
actions are without any plausible basis. See Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim.
App. 1980); Tutt, 940 S.W.2d at 121; Green v. State, 891 S.W.2d 289, 300 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd); Shepherd v. State, 673 S.W.2d 263, 267 (Tex. App.--Houston [1st
Dist] 1984, no pet.). We do not find trial counsel's strategy without any plausible basis.

 Appellant's claims of ineffective assistance of counsel fail to meet the Strickland
standards. Further, appellant has not demonstrated that, but for his counsel's errors, he would
not have pleaded guilty and would have insisted on going to trial. See Ex parte Pool, 738 S.W.2d
at 286. Therefore, there is no basis for appellant's contention that his guilty plea was involuntary. 
Appellant's sole issue on appeal is overruled.

 The judgments of conviction are affirmed.



 

 John Powers, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed on Both Causes

Filed: January 28, 1999

Do Not Publish


















* Before John Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In his brief, appellant concedes that the trial court substantially complied with the
requirements of article 26.13 of the Texas Code of Criminal Procedure.



se cases?


THE DEFENDANT: No, sir.


THE COURT: And you're not doing so because of any promise made
by anyone whomsoever? No one has promised you
anything, in other words; is that correct?


THE DEFENDANT: Yes, sir.


THE COURT: So you're pleading guilty in each case because you are
guilty and for no other reason; is that correct?


THE DEFENDANT: Yes, sir.


In view of the clear admonitions given by the trial court before the plea, which the appellant
admitted he understood, we conclude that appellant cannot credibly contend that his plea was
involuntary and that he was denied effective assistance of counsel. See Messer v. State, 757
S.W.2d at 826; see also Rodriguez v. State, 933 S.W.2d 702, 705-06 (Tex. App.--San Antonio
1996, pet. ref'd). Further, any erroneous advice of counsel on the subject of parole eligibility,
including the effect of a conviction for a deadly weapon offense, will not render appellant's plea
involuntary. See Evans, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).

 Finally, appellant claims his counsel was ineffective because he failed to adequately
cross-examine the complaining witness and the investigating officer about the in-court
identification of appellant during the hearing on appellant's motion to suppress. Cross-examination of witnesses is inherently based on trial strategy. Appellant contends his trial counsel
did not question the complaining witness about the accuracy of his description of the robber, the
existence of any distractions, and the length of the encounter, among others. Appellant further
argues that his trial counsel failed to question the investigating officer about the description of the
robber given to police by the complaining witness or the physical descriptions of other suspects.
We agree that vigorous cross-examination could have led to some additional information beneficial
to appellant. However, vigorous cross-examination could also have led to further damaging
testimony. Any error in trial strategy will be deemed inadequate representation only if counsel's
actions are without any plausible basis. See Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim.
App. 1980); Tutt, 940 S.W.2d at 121; Green v. State, 891 S.W.2d 289, 300 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd); Shepherd v. State, 673 S.W.2d 263, 267 (Tex. App.--Houston [1st
Dist] 1984, no pet.). We do not find trial counsel's strategy without any plausible basis.

 Appellant's claims of ineffective assistance of counsel fail to meet the Strickland
standards. Further, appellant has not demonstrated that, but for his counsel's errors, he would
not have pleaded guilty and would have insisted on going to trial. See Ex parte Pool, 738 S.W.2d
at 286. Therefore, there is no basis for appellant's contention that his guilty plea was involuntary. 
Appellant's sole issue on appeal is overruled.

 The judgments of conviction are affirmed.



 

 John Powers, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed on Both Causes

Filed: January 28, 1999

Do Not Publish