Affirmed and Opinion filed September 30, 2003















Affirmed and
Opinion filed September 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01024-CR

____________

 

ROBERT ALLEN MEEK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

____________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 905,824

 

____________________________________________________

 

O P I N I O
N

            Robert
Meek appeals his conviction for theft, contending that (1) the trial court
erred by failing to hold a hearing on his motion for new trial and (2) he
received ineffective assistance of counsel. 
We affirm.  

Facts

            After
Tropical Storm Allison severely damaged many homes in Houston, appellant
approached some sixteen elderly persons to repair their homes.  After submitting a contract to each person,
he required and received half of the contract price “up front.”  After taking each’s
money, appellant would simply never return. 
One complainant’s story was featured on a local television station, and
other individuals from whom appellant took money then came forward.  

            The
State charged appellant with felony aggregate theft of between $20,000 and
$100,000.  After the State reduced the
theft charge to an aggregate amount between $1,500 and $20,000, appellant
pleaded guilty.  The trial court assessed
punishment of twenty years’ imprisonment after holding a pre-sentence
investigation hearing.  After the
hearing, appellant filed a motion for new trial because the trial court did not
have letters from satisfied customers when considering punishment.  He further contended in his motion for new
trial that he might have received a lesser sentence if the letters had been
submitted.  The trial court denied the
motion for new trial without hearing. 

Hearing on Motion for New Trial

            In appellant’s first issue,
he contends the trial court erred by failing to hold a hearing on his motion
for new trial.  Specifically, he contends
he was entitled to a hearing because his motion for new trial raised matters
not determinable from the record.  We
review a trial court’s denial of a hearing on a motion for new trial for an
abuse of discretion.  Buerger v. State, 60 S.W.3d 358, 361 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).  The purpose of such a hearing is to allow a
defendant an opportunity to develop matters raised in his or her motion.  Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). 
However, the right to a hearing on a motion for new trial is not
absolute.  Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim.
App. 1993).  The trial court abuses its discretion in
failing to hold a hearing only when a motion for new trial raises matters not
determinable from the record.  Id. at 816; Buerger, 60
S.W.3d at 361–62. 

            Appellant
contends on appeal that because his motion for new trial was based on
ineffective  assistance of counsel, he
needed a hearing to develop a record.  We
disagree that his motion was based on ineffective assistance of counsel.  Appellant’s motion for new trial reads in
part:

Defendant
moves that the court grant him a new trial on the basis that the court did not
have before it evidence which was available to the defense and favorable to
defendant, and which could have impacted the court’s view of defendant’s action
and the appropriate punishment.

In the next paragraph, appellant lists the actions
that trial counsel took for the punishment hearing, including the following:
(1) providing affidavits from appellant, appellant’s “significant other,” and
three subcontractors employed by appellant; (2) providing a letter from
appellant’s stepfather regarding restitution; (3) providing some forty
completed contracts from previous customers; and (4) arguing that the thefts at
issue represented a small number of contracts out of many satisfied
customers.  

            In
one sentence in his motion for new trial, appellant lists a single failure of
trial counsel:  “However, counsel did not
provide any letters of testimony from satisfied customers.”  Appellant attaches ten letters and several
accompanying contracts from satisfied customers, and ends his motion with this
summation:

Had the
court had all of the information including the letters, which was obtainable as
evidenced by the attachment of the contracts to the PSI addendum, the court may
have assessed a lesser punishment rather than the maximum sentence.

            Having
reviewed appellant’s motion for new trial, we find that it was not based on
ineffective assistance of counsel, but merely sought reconsideration of
punishment in light of the letters from satisfied customers.  As a prerequisite to preserving a complaint
for appellate review, the record must show that a timely objection, request, or
motion was made sufficiently stating the grounds therefore and that the trial
court made an adverse ruling.  Tex. R. App. P. 33.1(a).  The grounds appellant presented at the trial
court level are different from the grounds he raises on appeal—that is, he did
not clearly apprise the trial court that he needed a hearing on his motion for
new trial because he was complaining about ineffective assistance of counsel as
opposed to merely asking the court to reconsider 

 class=Section2>

punishment.  A
point of error which does not comport with the trial objection presents nothing
for review.  See Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). 
Because appellant’s objections do not comport with the argument made on
appeal, the issue of failure to hold a hearing is not preserved for our
review.  See Leno v. State, 934 S.W.2d 421, 423 (Tex. App.—Waco 1996), pet. dism’d,
improvidently granted, 952 S.W.2d 860 (Tex. Crim.
App. 1997) (arguments on appeal regarding confession were not preserved where
they varied from arguments made in motion to suppress).  

            However,
even if appellant had clearly shown that he needed a hearing to demonstrate
ineffective assistance of counsel, his argument is still without merit.  No hearing on the motion for new trial was
necessary because counsel’s effective performance was determinable from the
record.  Reyes, 849 S.W.2d at 816. 
Indeed, appellant’s motion for new trial actually emphasizes the many
ways in which counsel’s assistance was adequate.  In his motion, appellant mentions only one
failure—not supplying the court with ten letters and corresponding contracts
from satisfied customers.  Nonetheless,
appellant’s counsel did submit forty prior, completed contracts with
homeowners.  An appellant who complains
about trial counsel’s failure to present witnesses’ affidavits must show, in
part, that he would benefit from their testimony.  See
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App.
1983).  Evidence that is merely
cumulative will rarely be judged by trial or appellate courts to bring about a
different result.  Cf. Kennerson v. State, 984 S.W.2d 705,
708 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).  Simply, an attorney is not ineffective for
failing to present cumulative testimony. 
See Tutt
v. State, 940 S.W.2d 114, 121 (Tex. App.—Tyler 1996, pet. ref’d).  Similarly,
we hold that a trial court is not required to conduct a hearing on a motion for
new trial to hear complaints about counsel’s failure to present cumulative
evidence.[1]  

            Accordingly,
we overrule appellant’s first point of error. 

Ineffective Assistance of Counsel

            In
appellant’s second issue, he contends his counsel’s performance was
ineffective.  To demonstrate ineffective
assistance of counsel, a defendant must show that (1) counsel’s performance
fell below an objective standard of reasonableness under prevailing
professional norms and (2) there is a reasonable probability that, but for
counsel’s deficient performance, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 688
(1984); Rodriguez v. State, 899
S.W.2d 658, 664 (Tex. Crim. App. 1995).  As we stated above, the ten letters and
accompanying contracts, which trial counsel did not submit, were merely
cumulative evidence.  Trial counsel
submitted some forty prior contracts for the pre-sentence investigation to
demonstrate that appellant did not routinely take customers’ money without
providing repairs.  The additional
letters and contracts merely bolstered the forty other contracts.  Again, counsel is not ineffective for failing
to present cumulative evidence.  See Tutt, 940
S.W.2d at 121.  We overrule appellant’s
second issue.  

            Accordingly,
we affirm the trial court’s judgment.  

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed September
 30, 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











            [1]  We note that appellant filed a motion to
reconsider his motion for new trial, which the trial court also denied.  Attached to the motion to reconsider was an
affidavit from trial counsel.  In it,
counsel explained  that appellant failed
to timely deliver affidavits from past customers as promised to include in the
pre-sentence investigation. 
Additionally, counsel stated that he contacted some past customers, but
many complained about appellant’s poor workmanship, did not want to help, or
could not remember appellant because of their old age.  He averred that he feared the State might
file additional charges if aware of additional customer complaints.