

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00288-CR

JOSEPH CLIFTON JONES                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12617

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joseph Clifton Jones pleaded guilty to delivery of between one and four grams of methamphetamine, and the jury assessed his punishment at forty-five years' confinement. In a single point, Jones argues that he received ineffective assistance of counsel and is thus entitled to a new trial. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In October 2012, an undercover police officer, with the help of a confidential informant, purchased 1.75 grams of methamphetamine from Jones. Jones was subsequently arrested and charged with delivery of more than one gram and less than four grams of methamphetamine. The day after his arrest, Jones spoke with a narcotics investigator from the Hood County Sheriff's Office and informed the officer that he used to sell methamphetamine and knew individuals who could deliver large quantities of the drug to him. Believing Jones had agreed to work with police as an informant, Jones was released on bail the next day. However, instead of contacting police with information, Jones left for California, from which he was later extradited after failing to appear in court.

During the punishment phase, both the State and defense counsel called multiple witnesses. Defense counsel cross-examined each of the State's witnesses but did not pursue any redirect examination of the defense witnesses after the State cross-examined them.

In his only point, Jones argues that his trial counsel was ineffective because he failed to "provide any clarification or rehabilitation questions" after the State's cross-examination of defense witnesses. According to Jones, "[t]he prevailing norm [for defense counsel] . . . would be to provide the jury with an explanation or further exploration of the questions asked by the [S]tate on cross-examination."

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation was deficient

2

and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Absent a showing of both deficient representation and prejudice towards the defendant, the court "cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable." *Id.*

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

The record is silent as to why trial counsel chose to omit further questioning of the defense witnesses after the State's cross-examination. Jones did not file a motion for new trial to raise and develop the issue, nor is there any evidence contained in any other part of the record that is relevant to the matter. Further, continued examination of witnesses "is inherently based on trial strategy"; therefore, it is not uncommon for attorneys to forgo questioning a witness if he or she believes it will benefit the client. *Tutt v. State*, 940 S.W.2d 114, 121 (Tex. App.—Tyler 1996, pet. ref'd). As the State points out, it is possible that defense counsel chose "not to ask any further questions . . . to avoid emphasizing the conclusive evidence of [Jones's] prior marijuana conviction." For this and other reasons, we also cannot conclude that trial counsel's decision to forgo redirect examination was "so outrageous that no competent attorney would have engaged in it." *See Nava*, 415 S.W.3d at 308.

4

Accordingly, looking to the totality of representation and the particular circumstances of this case, and in light of the strong presumption that counsel's conduct was not deficient, we cannot conclude that Jones met his burden of showing by a preponderance of the evidence that his trial counsel's representation was deficient. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Because Jones did not demonstrate that trial counsel's conduct was deficient, we need not address Jones's prejudice argument under the second *Strickland* prong. We overrule Jones's point and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2015