## JAMES W. FULLER V. THE STATE.

No. 22852. Delivered May 10, 1944.

The opinion states the case.

A. A. *Kern* and *Lois Wilson*, both of Dallas, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant's first complaint challenges the legal authority of Judge McCallum, Presiding Judge of the First Administrative Judicial District of Texas, to assign any judge from any other District Court within said Administrative Judicial District to preside over the Criminal District Court of Dallas County because there was a vacancy existing in said court by reason of the death of Judge Grover Adams, the duly elected and qualified judge of said court. This same point was before this court in the case of Pierson v. State, 177 S. W. (2d) 975, where, in a well-considered opinion written by Judge Davidson, the question was decided adversely to appellant.

His next complaint relates to the order transferring the case from the Criminal District Court of Dallas County to the Criminal District Court No. 2 of said county, in which court appellant was tried and convicted. He contends that on the 13th day of November, 1943, Judge McCallum, Presiding Judge of the first Administrative Judicial District of Texas, assigned Judge A. A. Dawson, of the 86th Judicial District Court of Texas, to preside over the trial of criminal cases in the Criminal District Court of Dallas County, beginning on November 15, 1943. He claims that on the day and date last aforesaid, Judge McCallum, and not Judge Dawson, undertook to transfer the instant case from the Criminal District Court of Dallas County to the Criminal District Court No. 2 of said county. While the record discloses that an order was apparently made on the 15th day of November, 1943, by Judge McCallum, yet, it also appears from the record that the District Attorney, having discovered from the order as the same appears on the minutes, that it was made to appear as having been made by Judge McCallum, whereas, in truth and in fact, it was made by Judge Dawson, whereupon, he in due time and during the term of court, filed a motion in which he alleged that the order transferring the case had in fact been made by Judge Dawson, who instructed the clerk to prepare the same and spread it upon the minutes; that the clerk, by mistake or through oversight, made it appear that the order was made by Judge McCallum. In his motion to correct the order he prayed that an order nunc pro tunc be made correcting the alleged error and making the same speak the truth. Upon the hearing of the motion, the court granted the same and entered an order nunc pro tunc correcting the error in the original order as alleged in the motion. We see no good reason why the order, as made by Judge Dawson, although erroneously entered upon the minutes, could not be corrected during the term of court by the judge presiding over said court so as to disclose what actually transpired. The court had the authority to amend

and correct any order or judgment during the term of court in which it was entered on the minutes. In support of what we have said here, we refer to 12 Tex. Jur., p. 713, sec. 352, and also to the following cases: Howard v. State, 77 Tex. Cr. R. 185; Littleton v. State, 91 Tex. Cr. R. 205; Jackson v. State, 157 S. W. (2d) 921; Ex parte Patterson, 139 Tex. Cr. R. 489.

Appellant next complains because the trial court declined to submit his Requested Special Charges Nos. 3, 4, and 5. He contends that the law announced therein was applicable to some issues raised by the evidence. His Special Charge No. 3 relates to an instruction on the law of aggravated assault. The court, in his main charge, gave an adequate instruction on that phase of the case. His Requested Instruction No. 4 is to the effect that if the jury found from the evidence, or had a reasonable doubt thereof, that at the time in question the defendant indulged in indecent familiarities with the prosecutrix with intent to have carnal knowledge of her, and if she, by her acts or conduct, led him to believe that she would acquiesce therein or agree thereto, then in that event they should acquit him. His Special Charge No. 5 is to the same effect. The law applicable to such a state of facts was adequately submitted by the court in giving appellant's Requested Charge No. 1, wherein the court instructed the jury that if the prosecutrix did give her consent, either by word or acts, or if she impliedly consented, or if she invited the defendant in some way to have sexual intercourse with her, then they should acquit him. This charge was most favorable to him.

The State's evidence shows that appellant was riding on the rear seat of an automobile with the prosecutrix while his two boy friends, approximately seventeen years of age, were on the front seat doing the driving; that suddenly the lights of their car went out, and the boys undertook to repair them. During this period of time appellant placed his right arm around the shoulder of the prosecutrix and with his left hand was making an attempt to get under her dress; that she resented his brazen approaches and slapped him, whereupon he told her that he was either going to have sexual intercourse with her or kill her. She then leaped out of the car. He followed her, threw her into the ditch, got on top of her, struck her with his fist and cut her hand with his knife. She resisted him with all her strength and called for help. The boys who were repairing the lights, turned the car around and shone the lights upon him, at which time he released her and fled. She got into the car with the two boys and they went immediately to the police station and reported the occurrence. When they arrived at the police

station, her face was badly bruised and swollen. Her clothes were torn and her hand was bleeding. From the police station she was taken to a doctor's office for medical treatment.

Appellant's version of the occurrence is that on the afternoon of the day in question, he and his two boy companions invited the prosecutrix to go riding with them; that they rode from about 2:00 or 3:00 P. M., until 10:00 or 10:30 P. M.; that during this time he and his boy companions drank two pints of whisky; that they offered her some and that she took a small drink. He attempted to make indecent advances to her which she resented. He claimed that she struck him with something which he took to be a nail file, whereupon he slapped her; that she then got out of the car and started through a barbed-wire fence when she cut her hands on the barbs.

It will be noted that the Special Charge No. 1, which the court submitted to the jury, fully and fairly embraced the law applicable to that phase of the case. Hence he has no just ground of complaint.

He also claims that the trial court erred in declining to sustain his motion for new trial based on newly discovered evidence. The newly discovered evidence, as disclosed by affidavits of the witnesses, is to the effect that the prosecutrix was intoxicated on the night in question; that she had been drunk on several occasions. We do not see the relevancy of this testimony because if this were true, it would not excuse or justify anyone in making an assault upon her with the intent to rape her. He also asserted in his motion for new trial that since the trial he has found a number of witnesses who would testify that his general reputation as a law-abiding citizen was good. This would have been but cumulative of the testimony which he introduced on his trial. However, the bill is qualified by the court, who states in his qualification thereof that he did not believe such testimony would change or produce a different result, and we think the court was amply justified in the conclusion at which he arrived.

The bills of exception complaining of certain remarks made by the District Attorney in his closing argument to the jury contains merely excerpts thereof. The bills fail to show what preceded the remarks, nor do they show that they were not provoked or invited by any remarks made by appellant's counsel. In the absence of such a showing this court is not in a position to properly appraise the bills, and they are therefore overruled.

In support of what we have said, we refer to the following authorities: Richardson v. State, 99 Tex. Cr. R. 514; Winslow v. State, 50 Tex. Cr. R. 465; Gonzales v. State, 88 Tex. Cr. R. 248; Fowler v. State, 89 Tex. Cr. R. 623; Clowers v. State, 171 S. W. (2d) 143.

All other matters complained of have been considered by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.