Marvin Ray SHEPHERD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–8200935–CR, 01–8200936–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 1984.

Randy Schaffer, Houston, for appellant.
Ray Elvin Speece, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This appeal arises from appellant's convictions on two counts of aggravated robbery following his pleas of guilty in one case and nolo contendere in the other. After a presentence investigation and punishment hearing, the trial court sentenced appellant to 15 years confinement in each case.

In a single ground of error, appellant argues that both convictions must be reversed because his pleas were not entered knowingly and voluntarily, in that neither the trial court nor his attorney advised him that he was ineligible for probation from the court for the offense of aggravated robbery under Tex.Code Crim.Pro.Ann. art. 42.12, sec. 3f(a)(1)(E) or art. 42.12, sec. 3c

(Vernon 1979). In arguing his ground of error, appellant asserts (1) that both defense counsel and the trial court had a duty to advise him of his statutory ineligibility for probation, and (2) that both defense counsel and the trial court "affirmatively misled" him into believing he was eligible for probation.

Appellant was tried simultaneously on both offenses. With his attorney's written approval, he executed separate waivers of jury trial, written stipulations of evidence, and applications for adult probation in each case.

After presenting the indictment in each case, hearing the appellant's respective pleas of guilty and no contest to the two indictments, and establishing that the appellant understood the meaning and consequence of a no contest plea, the court continued its colloquy with appellant as follows:

THE COURT: As to your plea of guilty and plea of no contest, you understand that in each of those cases you are entitled to a trial by jury?

THE DEFENDANT: Yes, sir.

THE COURT: Are you willing to give up your rights to your trial by jury in each of the cases and enter your plea of guilty and your plea of no contest?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone promised you anything in order to get you to do that?

THE DEFENDANT: No, sir.

THE COURT: Has anybody threatened you in any way?

THE DEFENDANT: No, sir.

THE COURT: Are you entering your plea of guilty and your plea of no contest freely and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: The range of punishment for each of those offenses that you are charged with is by confinement in the Texas Department of Corrections for any term of years not less than five years nor more than 99 years or a sentence of life, and the Court could also assess a fine of up to $10,000.00. That is true in each case. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: It is my understanding that your attorney and the State's attorney have talked, there has been no agreement, that they will recommend a presentence investigation be conducted, and that at the conclusion of that pre-sentence investigation the State has reserved its right to argue that you be sent to the penitentiary.

Is that your understanding of the agreement sir?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Cahoon [Defendant's Attorney], is that your understanding and are you satisfied?

MR. CAHOON: Yes, that is our understanding.

THE COURT: Have you counseled with Mr. Shepherd in both cases and explained to him the consequences of his pleas and the possible punishments involved?

MR. CAHOON: Yes.

THE COURT: Mr. Shepherd, do you know what a pre-sentence investigation is?

MR. CAHOON: Yes, Your Honor.

THE COURT: Do you understand that you will have a right to furnish to the probation officer names and address, phone numbers and all information of people that can speak well of you and all information that can speak well of you? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the State will have a right to produce the offense report in both cases, any prior criminal history that you have or anybody that speaks badly of you, so that before I assess punishment I will have all that in writing before me, both the good and the bad? Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing all this, do you still wish to proceed in this manner?

THE DEFENDANT: Yes, sir.

THE COURT: Even though you plead guilty, even though you plead no contest, under our law the State must offer some evidence against you to show that you are guilty in each case. They are going to show you an instrument that you signed and swore to with the advice of your attorney. Each instrument will contain a stipulation of evidence in this case, a judicial confession in that case and waiver of your constitutional rights, your right to a jury trial in that case. You signed and swore to each of these with the advice of your attorney. I want you to look at them and then answer as to whether or not it is agreeable with you if the State offers those into evidence against you at this time.

THE DEFENDANT: Yes, sir.

THE COURT: All right.

THE PROSECUTOR: Your Honor, at this time the State has tendered to Mr. Shepherd those same stipulations of evidence and waiver of constitutional rights in each case which have been marked for identification as State's Exhibit One. And in each such stipulation and waiver of constitutional rights the defendant has signed and sworn to in open court on the advice and assistance of his attorney, who has signed this form. Upon tendering those to counsel, the State will offer State's Exhibit 1 in each case.

MR. CAHOON: No objection.

THE COURT: They will be admitted.

THE PROSECUTOR: The State rests in each cause.

THE COURT: Mr. Shepherd, have you ever been before convicted in this state or any other state or the courts of the United States of a felony?

THE DEFENDANT: No, sir.

THE COURT: Have you ever been granted adult probation before in this state or any other state?

THE DEFENDANT: No, sir.

The court found appellant guilty in both cases, and made affirmative findings that a deadly weapon was used during the commission of each offense. Proceedings were then recessed for the conduct of the presentence investigation.

When the trial was reconvened some two months later, testimony of some six witnesses was heard on appellant's behalf, directed toward encouraging the court to grant him probation. Further, counsel for appellant urged in his final argument that the court grant probation. At one point he stated:

> However, the people, through their Legislature, have said that, in this case, probation is a possibility. It would be a simple matter for society to bar probation in certain cases if the seriousness of the offense was to be the only factor.

As is shown in the quoted colloquy at the guilt/innocence hearing, the trial court correctly stated the punishment range for the offense of aggravated robbery. The court did not tell appellant that he was eligible for adult probation, as did the court in *Ramirez v. State*, 655 S.W.2d 319, 320 (Tex.App.—Corpus Christi 1983, no pet.) ("you should be advised that your application [for probation] may or may not be granted."); however, neither did the court advise appellant that probation was not available from the court for the offense of aggravated robbery, although appellant had filed application for probation in both his cases.

■ Appellant correctly states that a plea of guilty or nolo contendere will not support a conviction when that plea is motivated by significant misinformation conveyed by the court or one of its officers. *McGuire v. State*, 617 S.W.2d 259 (Tex. Crim.App.1981); *Ex parte Burns*, 601 S.W.2d 370 (Tex.Crim.App.1980); *Ramirez v. State*, 655 S.W.2d 319 (Tex.App.—Corpus Christi 1983, no pet.). Appellant asserts that the application of this rule to his case shows that the action of both his attorney and the trial court misled him into believing he was eligible for probation and rendered his guilty plea involuntary.

The record before us is limited to the statement of facts made at the guilt/innocence and punishment hearings. There is no testimony to indicate what advice was given appellant by his attorney, and no claim that counsel misstated the range of punishment to appellant in attorney-client consultations, or misadvised or misled the appellant to expect probation. Neither is there any evidence explaining defense counsel's reasons or strategy for conducting the punishment hearing as he did.

Examining first the actions of appellant's attorney, we note that events occurring at the punishment hearing have only an inferential bearing on the voluntariness of appellant's earlier plea. Appellant entered his two pleas approximately sixty days before the punishment hearing, such that nothing that occurred during the later punishment hearing could have affected the voluntariness of appellant's earlier acts. The events of the punishment hearing are therefore significant only to the extent that they demonstrate appellant's motivation for entering his earlier pleas. As such, appellant's argument on appeal that he was misled to expect probation, and that his pleas were thus involuntary, is based on a series of inferences.

Although appellant makes no assertion of ineffective assistance of counsel as a ground of error, he argues that we should find that his trial attorney was incompetent because he introduced evidence pertinent to probation after the court entered a finding of guilt on a non-probatable offense and argued that "probation is a possibility." Appellant argues that we should infer from this that his trial attorney misinformed him earlier regarding his ineligibility for probation. From the inference that he was misinformed, appellant argues we must conclude that his plea was motivated by misinformation and was involuntary.

■■■ While the chain of inferences appellant would draw from the record is founded on a claim of ineffective assistance of counsel, such an allegation can be sustained only if it is firmly grounded in the record. *Mercado v. State*, 615 S.W.2d 225

(Tex.Crim.App.1981). Matters of trial strategy will be reviewed only if an attorney's actions are without any plausible basis. *Ex parte Burns*, 601 S.W.2d 370 (Tex.Crim.App.1980). From the record before us it is conceivable that trial counsel pursued the hope at the punishment hearing that the court would withdraw its finding of guilt of aggravated robbery and replace it with a finding on a lesser, probatable offense. *See Stephens v. State*, 161 Tex.Cr.R. 407, 277 S.W.2d 911 (1955); *Fuller v. State*, 147 Tex.Cr.R. 250, 180 S.W.2d 361 (1944). Appellant makes no argument—nor is there evidence in the record to show—that he did not know that he was ineligible to receive probation if his conviction remained unreduced from aggravated robbery to a lesser offense. It is also plausible that appellant and his attorney were unwilling to risk the possibility of substantial penitentiary confinement in a trial and punishment hearing before a jury, but hoped that the court would assess a lesser penitentiary term because of appellant's good prior record and strong community ties.

■■■ The inferences appellant draws from the record are also insufficient to show that his plea was involuntary. Matters not present in the record provide no basis upon which the appellate court may make a decision. Mere allegations of the existence of facts may not be considered. *Williams v. State*, 485 S.W.2d 274 (Tex.Crim.App.1972). We cannot presume the nature of an attorney's advice from the record of his conduct at trial without evidence to show that the trial strategy originated with the attorney and was not the result of acquiescence to the client's wishes. There is no evidence before us either showing that appellant's attorney misinformed him regarding his eligibility for probation, or indicating that misinformation, if any, affected appellant's decision to plead guilty.

■■■ Concerning the actions of the trial court, Tex.Code Crim.Pro.Ann. art. 26.13 (Vernon Supp.1984) provides in pertinent part that:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense; ...

Art. 26.13(a)(1), *supra*, is mandatory, *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Crim. App.1980), and reversible error occurs without regard to harm when the trial court totally fails to admonish the defendant concerning the range of punishment. *Weekly v. State*, 594 S.W.2d 96 (Tex.Crim. App.1980).

Even prior to the 1975 liberalizing amendments to art. 26.13, the Court of Criminal Appeals had held that where a trial court failed to "fully comply" with art. 26.13, there was no reversible error unless a defendant objected and showed injury or prejudice. *Guster v. State*, 522 S.W.2d 494 (Tex.Crim.App.1975) (direct appeal), *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Crim. App.1975) (collateral attack). The Legislature amended art. 26.13 in 1975 by the addition of subsection (c), providing that substantial compliance in admonitions to a defendant is sufficient

unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment.

Art. 26.13(c), *supra*.

Since the 1975 addition of art. 26.13(c), as stated in *Ex parte McAtee*,

where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a *prima facie* showing of a knowing and voluntary plea. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed....

599 S.W.2d at 336.

■ "The consequences of his plea", as interpreted both before and since the 1975 enactment of art. 26.13(c), has meant "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." *Eubanks v. State*, 599 S.W.2d 815, 816 (Tex.Crim.App.1980); *Al-exander v. State*, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); *Stubblefield v. State*, 659 S.W.2d 496, 497 (Tex.App.—Fort Worth, 1983, no pet.).

In interpreting "consequences of his plea," the Court of Criminal Appeals has rejected arguments that the quoted phrase requires the court to admonish the defendant that the court has discretion to cumulate sentences, *Simmons v. State*, 457 S.W.2d 281 (Tex.Crim.App.1970); or to warn that a conviction on a plea of guilty can be used later to enhance punishment, *Cooper v. State*, 492 S.W.2d 545 (Tex.Crim. App.1973); or to advise a defendant of his right to file a motion for probation, *Graham v. State*, 498 S.W.2d 197 (Tex.Crim. App.1973); or to warn him that he might not receive probation upon his motion and request for it. *Brown v. State*, 478 S.W.2d 550 (Tex.Crim.App.1972).

■ Another panel of this court has stated that the Court of Criminal Appeals has not yet held that a judge must routinely admonish an ineligible probation applicant of his ineligibility. *Murphy v. State*, 663 S.W.2d 604, 610 (Tex.App.—Houston [1st Dist.] 1983, no pet.). We agree with that opinion's observation that "the better practice" would be for the trial court "to admonish an applicant of his ineligibility for probation when it becomes apparent to the court that he incorrectly believes himself to be eligible." *Murphy, supra*, at 610. However, the case before us is distinguishable both from *Murphy, supra*, and *West v. State*, 661 S.W.2d 305 (Tex.App.— Houston [1st Dist.] 1983, no pet.), by the record's abundant showing in each of those cases of the attorney's erroneous advice, as contrasted with the silent record here as to advice given appellant by his attorney as to the range of punishment. The case before us is likewise distinguishable from *Ramirez v. State, supra*, where the judge erroneously advised the defendant as to his probation eligibility. The trial court in the instant case did not misstate the punishment range or state that appellant could

receive probation on a finding of guilty of aggravated robbery.

The trial judge has literally complied with the statutory requirements of art. 26.-13(a)(1) and appellant has failed to comply with the affirmative requirement of art. 26.13(c) that he show that he was unaware of the consequences of his plea or that he was misled or harmed by the court's admonishment. In that state of the record, we decline to find that the court had an affirmative duty to admonish him concerning ineligibility for probation for aggravated robbery.

Appellant specifically complains that the court, by the last two questions of the quoted colloquy, "qualified him for probation that he was statutorily ineligible to receive" because of art. 42.12, sec. 3f(a)(1)(E) or sec. 3f(a)(2), *supra*. Although the inquiry dealt with the defendant's prior criminal history, or lack thereof, and not with guilt or innocence, we do not find that the questions were misleading *per se*. Nothing in the record shows that appellant's pleas of guilty and nolo contendere were in any way affected by the court's questions.

We conclude that appellant's claims that his pleas were involuntary are not supported by the record.

The judgments of the trial court are affirmed.