**Jesse Ralph GOMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–84–115–CR, B14–84–116CR, C14–84–117CR and A14–84–118CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1984.

J. Ronald Vercher, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant Jesse Ralph Gomez pled guilty in four cases involving one count of aggravated robbery and three counts of attempted capital murder. After a pre-sentence investigation, the trial court assessed punishment at fifty years. Mr. Gomez appeals on three grounds of error: (1) that he received ineffective assistance of counsel because his attorney allegedly advised him that he would receive a maximum seven-year sentence upon a guilty plea, (2) that his attorney also incorrectly advised him that he was eligible for probation, and (3) that the trial court erred in refusing to allow him to withdraw his guilty plea at the punishment hearing. We overrule all three grounds of error and affirm the judgment of the trial court.

After the appellant pled guilty, the trial judge admonished him as to the effect of his pleas, admitted stipulation of evidence and judicial confession forms, and adjudged appellant guilty of the four offenses. The court then took the matter under advisement, ordered a pre-sentence investigation, and set a date for sentencing. At the punishment hearing, appellant complained that he was coerced into participating in the offenses by his brother who died in a shootout with police during commission of the crimes. Appellant requested that his guilty plea be withdrawn, but the court denied his motion and assessed punishment at four concurrent fifty-year terms.

Appellant timely filed a motion for new trial in each case. He also filed an affidavit in support of his motion for new trial, stating his allegations under oath. The motion for new trial was overruled by operation of law without a hearing.

■ In his first ground of error, appellant asserts that his guilty plea was involuntary because he relied upon inaccurate information from counsel that his sentence would not exceed seven years. The only support for appellant's allegations as to his attorney's advice is the affidavit filed with his motion for new trial. Allegations in a motion for new trial are not self-proving. *Vaughn v. State*, 456 S.W.2d 141, 142 (Tex. Crim.App.1970). Therefore, appellant's assertions in his brief as to ineffective assistance of counsel are unsupported by the record. The first ground of error is overruled.

■ In his second ground of error, appellant asserts that his guilty plea was involuntary because his attorney incorrectly informed him that he was eligible for probation and the trial judge did not inform him otherwise. Again, appellant's allegations as to his attorney's advice are not supported by the record. *Id.; Shepherd v. State*, 673 S.W.2d 263, 267 (Tex.App.— Houston [1st Dist.] 1984, no pet.). Furthermore, a trial judge is only required to warn the defendant concerning his ineligibility for probation if the defendant hopes to receive *and actively pushes for* probation. *Lewis v. State*, 630 S.W.2d 809, 811 (Tex. App.—Houston [1st Dist.] 1982, no pet.). Appellant in the instant case apparently never indicated to the court that he considered himself eligible for probation, nor did he file an application for probation.

Appellant cites *Murphy v. State*, 663 S.W.2d 604, 610 (Tex.App.—Houston [1st Dist.] 1983, no pet.) as support for his position that the trial judge erred in this matter; but *Murphy* merely states that although a judge is not *required* to inform a *probation applicant* of his ineligibility, the better practice is to advise the applicant of this error if the court is aware of any misunderstanding. In the instant case there is no evidence that appellant was a probation applicant or that the trial judge was aware of any misunderstanding. Although we also feel that the better practice is to advise a defendant of his ineligibility for probation as a matter of course when this circumstance arises, there is no indication that the trial judge was obliged to inform appellant of this fact. *See also Shepherd v. State*, 673 S.W.2d 263; *Spencer v. State*, 666 S.W.2d 578, 581 (Tex.App. —Houston [1st Dist.] 1984, pet. ref'd). Therefore, appellant's second ground of error is overruled.

The third ground of error alleges that the trial court erred in refusing to allow appellant to withdraw his guilty plea at the sentencing hearing. Appellant contends that his protestations of innocence at this hearing absolutely required the trial judge to withdraw his guilty plea. According to appellant's brief, a defendant has an automatic right to withdraw his guilty plea before a judgment is rendered. *McWherter v. State*, 571 S.W.2d 312, 313 (Tex.Crim. App.1978); *Milligan v. State*, 168 Tex. Crim.R. 202, 324 S.W.2d 864, 865 (1959). Appellant asserts that judgment is not rendered until punishment is actually pronounced; therefore, the court should have allowed withdrawal of the guilty plea since it had not publicly announced appellant's sentence.

■ The Court of Criminal Appeals has indicated that if evidence of innocence is raised after an adjudication of guilt upon a defendant's guilty plea, the trial court is not required to withdraw the plea upon the defendant's request. *Sullivan v. State*, 573 S.W.2d 1, 3 (Tex.Crim.App.1978). In *DeVary v. State*, 615 S.W.2d 739, 741 (Tex. Crim.App.1981), the Court of Criminal Appeals acknowledged the bifurcated system whereby the trial court finds a defendant guilty, takes the case under advisement, then enters a final judgment when the sentence is pronounced. In *DeVary*, the defendant requested the withdrawal of his guilty plea after the trial judge took the case under advisement and before he assessed punishment. However, the Court of Criminal Appeals clearly stated that such a request comes too late since any withdrawal of a guilty plea at this stage is within the discretion of the trial court. Since there is no evidence in this case that the trial court

abused its discretion, appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.