11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Billy Gene Odom

Appellant

Vs.                   No. 11-02-00230-CR -- Appeal
from Collin County

State of Texas

Appellee

 

Billy Gene
Odom entered an open plea of guilty to the offense of sexual assault of a
child, a second degree felony.  The
trial court convicted appellant and assessed his punishment at confinement for
15 years.  We affirm. 

Appellant
presents three points of error on appeal. 
In the first point, appellant contends that the trial court erred by
failing to sua sponte conduct a competency hearing.  In the second point, appellant argues that his plea was not made
voluntarily or intelligently.  In the
third point, appellant contends that he did not receive reasonably effective
assistance of counsel at trial because trial counsel failed to request a
competency hearing.  








The record
shows that appellant pleaded guilty on March 7, 2002, to sexually assaulting
his stepdaughter, who is also his niece. 
There was no plea bargain agreement in this case.  The trial court inquired about the
voluntariness of appellant=s plea and admonished him regarding the consequences of his plea.  The trial court properly instructed
appellant that the applicable range of punishment was confinement for a term of
not less than 2 years nor more than 20 years and a fine not to exceed
$10,000.  The trial court also notified
appellant that, if he were found guilty or given deferred adjudication, he
would have to register as a sex offender. 
Appellant indicated that he was entering his plea freely and voluntarily
and that he was entering a plea of guilty because he was guilty and for no
other reason.  Appellant also stated
that he had never been to a mental hospital or had any indication that he
lacked competency or sanity.  The trial
court found appellant competent, accepted appellant=s plea, ordered a pre-sentence investigation,
and reset the case for a subsequent hearing. 
The subsequent hearing had to be reset because appellant was in the
hospital on the date originally set for the hearing.  

The record
from the subsequent hearing shows that appellant had been harassing the victim,
that appellant had attempted suicide, that he had been to counseling, and that
he was seeing a psychiatrist.  Appellant
testified regarding his harassment of the victim that he Aknow[s] that was a childish thing@ and that Athose things were totally wrong.@  Appellant also testified that
he was involved in various counseling in order to hold himself accountable and
that he was Atrying to come clean because [his] conscious
(sic) was killing [him].@  Appellant testified that he attempted
suicide shortly before the date on which the punishment hearing was originally
set because he Awas panicking about going to jail...about
[his] job.@  

Contrary
to appellant=s contention, however, the evidence before
the trial court did not require the trial court to initiate a competency
hearing.  A trial court is required to
sua sponte conduct a competency hearing Awhen evidence coming to the court=s attention raises a bona fide or reasonable doubt as to appellant=s competency.@  Loftin v. State, 660 S.W.2d
543, 546 (Tex.Cr.App.1983).  We can find
nothing in the record which would have suggested to the trial court that
appellant did not possess Asufficient present ability to consult with [his] lawyer with a
reasonable degree of rational understanding@ or that he did not have Aa rational as well as factual understanding of the proceedings against@ him. 
TEX. CODE CRIM. PRO. ANN. art. 46.02, ' 1A (Vernon Pamph. Supp. 2003). 
Furthermore, because there is nothing in the record to indicate that
appellant was incompetent to stand trial under the standards set out in Article
46.02, section 1A, we cannot hold that appellant has shown that trial counsel=s representation fell below an objective
standard of reasonableness because he failed to request a competency
hearing.  Wilkerson v. State, 726 S.W.2d
542, 551 (Tex.Cr.App.1986), cert. den=d, 480 U.S. 940 (1987); see Strickland v.Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).[1]  The first and third points of error are
overruled.  








In the
second point, appellant urges that his plea was not entered into voluntarily
and intelligently.  Under this point,
appellant contends that he did not understand the consequences of his plea
because of his incompetency and because he Aentered a guilty plea in order to ask the court for probation.@  As
discussed above, the record does not support appellant=s contention with respect to his
competency.  During his testimony,
appellant appeared to comprehend what was occurring and was able to communicate
and answer questions effectively.  

The record
does show that appellant asked the court for either deferred adjudication
community supervision or regular community supervision.  Along with documents concerning appellant=s plea, wherein he stipulated to the facts
and waived his rights, the clerk=s record contains a written application for a probated sentence signed
by appellant and trial counsel.  During
the subsequent hearing when appellant=s trial counsel was questioning appellant and his wife, counsel asked
the following questions: ADo you understand that the judge can grant deferred adjudication or can
find [appellant] guilty and still place him on probation?@ and AYou understand that the supervision officer...has stated certain
things, if you are placed on deferred or probation?@ 
During closing arguments, appellant=s trial counsel requested that appellant Areceive deferred adjudication or, in a worse case scenario, be
adjudicated guilty and placed on community supervision.@ 
Although deferred adjudication was available as a viable option in this
case, regular community supervision was not. 
TEX. CODE CRIM. PRO. ANN. art. 42.12, '' 3g(a)(1)(H) & 5 (Vernon Supp. 2003).  Pursuant to Article 42.12, section 3g(a)(1)(H), the trial court
had no authority to convict appellant and then place him on community
supervision.  

A
defendant=s election to plead guilty, when based upon
erroneous advice or misinformation from his counsel, is not done voluntarily
and knowingly.  Ex parte Battle, 817
S.W.2d 81, 83 (Tex.Cr.App.1991).  Proper
admonishments create a prima facie showing that the guilty plea was entered
knowingly and voluntarily.  Martinez v.
State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998); Ex parte Gibauitch, 688 S.W.2d
868 (Tex.Cr.App.1985).  Where the record
reflects that a defendant was duly admonished, the defendant has the burden to
demonstrate that he did not fully understand the consequences of his plea such
that he suffered harm.  Martinez v.
State, supra.  In considering the
voluntariness of a guilty plea, we must examine the record as a whole.  Martinez v. State, supra.  








The record
from the plea hearing reflects that the trial court properly admonished
appellant before accepting his guilty plea. 
The trial court set forth the appropriate range of punishment and did
not mention community supervision.  The
trial court did not make a finding regarding appellant=s guilt until the close of the punishment
hearing; thus, appellant was still eligible for deferred adjudication at the
time of that hearing.  Appellant=s contention was not addressed in a motion
for rehearing.  Under the circumstances
as reflected in this record, we cannot hold that appellant=s plea was entered into involuntarily or
unknowingly.  See Shepherd v. State, 673
S.W.2d 263, 267 (Tex.App. - Houston [1st Dist.] 1984, no pet=n); cf. Ex parte Battle, supra.  In Ex parte Battle, the court
reversed the defendant=s
conviction based upon ineffective assistance of counsel where counsel
misinformed the defendant that he was eligible for community supervision, but
the appellate record in that case adequately showed the defendant=s reliance on the misinformation in inducing
him to plead guilty.  However, the
record in appellant=s case
has not been so developed; it does not reveal that any misinformation affected
appellant=s decision to plead guilty or that the
misinformation was provided to appellant prior to entering his plea.  Moreover, appellant was eligible for
deferred adjudication community supervision. 
Appellant=s second point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

TERRY
McCALL

JUSTICE


April 3, 2003 

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J. 











[1]We note that, although the record reflects that
appellant and trial counsel were under the mistaken impression that the trial
court could convict appellant and place him on Aregular@ community supervision, appellant does not rely on this
misinformation for his contention that trial counsel was ineffective.  See TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 3g(a)(1)(H) (Vernon Supp. 2003)(person convicted of
sexual assault may not receive community supervision from trial court).  Moreover, there is nothing in the record
regarding whether appellant would have pleaded not guilty and insisted on going
to trial but for the misinformation, as required by the second prong of the Strickland
test.  See Ex parte Morrow, 952 S.W.2d
530, 536 (Tex.Cr.App.1997), cert. den=d, 525 U.S.
810 (1998); Tabora v. State, 14 S.W.3d 332, 336-37 (Tex.App. - Houston [14th
Dist.] 2000, no pet=n).