

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS. 2-08-427-CR
2-08-428-CR

DEMETRIUS WARD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Demetrius Ward appeals his convictions on four counts of possession of a controlled substance. In one issue, Ward contends that the trial court abused its discretion by failing to readmonish him to determine whether his pleas of guilty were voluntary. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In January 2007, a grand jury indicted Ward on two separate counts for possession of a controlled substance in the amount of four grams or more but less than two hundred grams—one count pertained to heroin and the other to cocaine ("Cause #1"). In October 2007, a grand jury indicted Ward on two more counts of possession of a controlled substance, namely cocaine, in the amount of one gram or more but less than four grams—the first count included "with intent to deliver" ("Cause #2"). Each count, in both causes, included a habitual offender notice based on a 1998 felony conviction for possession of a controlled substance and a 1990 felony conviction for unauthorized use of a motor vehicle.

In July 2008, Ward entered an open plea of guilty to all four counts and signed preprinted forms entitled "Written Plea Admonishments." The admonishments informed Ward, among other things, that as a habitual offender he faced a punishment range of life or between twenty-five and ninety-nine years. Contained within each admonishment form was a section entitled "Application for Community Supervision." The section stated, "I swear and it is my testimony here in open court that I have never before been convicted of a felony offense in any court of the State of Texas or any other state." Ward signed the applications after crossing out the word "never" with a pen.

In addition to the plea admonishments, Ward signed a "Written Waiver of Defendant—Joined By Attorney," which included the following statements: (1) "I fully understand each of the above written plea admonishments given by the Court and I have no questions"; (2) "I am aware of the consequences of my plea"; (3) "I am mentally competent and my plea is knowingly, freely, and voluntarily entered"; and (4) "I give up and waive my right to a jury, both as to my guilt and assessment of my punishment." Immediately below Ward's signature, his attorney signed the following statement:

> I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof.

Finally, Ward, his attorney, and the trial court all signed a statement that included the following: "The Court has given the Defendant the admonishments set out in paragraphs numbered 1 through 15, above. In addition, the Court finds that the Defendant is mentally competent and that his plea is intelligently, freely and voluntarily entered."

During the plea hearing, the trial court verbally admonished Ward as to the range of punishment for both causes. For Cause #1, the trial court stated:

> In this indictment there is also a Habitual Offender Notice which alleges that you have twice before been convicted of a felony

3

offense. If the State is able to prove the Habitual Offender Notice and if you were to plead guilty to the offenses in Count 1 and Count 2, you would be faced with a term of not less than 25 years to 99 years or life in prison. Do you understand that would be the range of punishment?

Ward responded, "Yes, sir" to the trial court's admonishment. For Cause #2, the trial court stated:

And in [this] case there is also a Habitual Offender Notice which alleges that you have been twice before convicted of a felony. Again, if you were to plead guilty or be found guilty, the range of punishment upon proof of the enhancement allegations would be not less than 25 years nor more than 99 years or life in prison. Do you understand that to be the range in that case?

And again, Ward responded, "Yes, sir."

Ultimately, Ward pleaded guilty to all four counts and true to each habitual offender notice. Prior to the trial court accepting Ward's pleas of guilty and true, the following conversation took place:

THE COURT: Now, with respect to all the pleas you have entered today, pleading guilty as well as true, did anybody force you to enter those pleas?

THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty to each indictment and true to each Habitual Offender Notice because the allegations contained therein are true and for no other reason?

THE DEFENDANT: Yes, sir.

THE COURT: Nobody forced you to do that?

4

THE DEFENDANT:  No, sir.

At the close of the hearing, the trial court accepted Ward's pleas, granted his request for a presentence investigative report, and placed him in custody to await punishment.

During the punishment hearing, the following exchange occurred between Ward and his attorney:

[DEFENDANT]:  I loved the job. The pay was nice.  Everything about it was nice, my supervisor was nice. Everything was not perfect, but everything was going well.  Everything was fine with me.

[DEFENSE COUNSEL]:  Now *if the judge were to determine that probation was something that he would consider*, is that—

THE COURT:  He pled true to the habitual notice.

[DEFENSE COUNSEL]:  I understand Your Honor.

[DEFENSE COUNSEL]:  Is that something that you would ask the Judge to consider in allowing you to go back to that job?

[DEFENDANT]:  Yes, sir, it is.

[Emphasis added.]  And, in Ward's closing remarks, he stated:

[DEFENDANT]:  . . . I just want you to know that if you were to take into consideration, *give me probation and not send me to prison*, sir, it would not be — you won't regret it.

[Emphasis added.]

Before pronouncing Ward's punishment, the trial court informed Ward that, with his criminal history, "please understand that probation is just not an

option whatsoever."[2] The trial court then sentenced Ward to thirty-five years' confinement on both counts in Cause #1—to run concurrently—and to twenty-five years' confinement on both counts in Cause #2—to run concurrently. This appeal followed.

## III.  Admonishments

In his sole issue, Ward asserts that the trial court abused its discretion by failing to readmonish him to determine whether his guilty pleas were voluntary. Specifically, Ward argues that the trial court should have readmonished him to determine whether his guilty pleas were voluntary when the trial court realized that his pleas were based, in part, on a mistaken belief that he was eligible for community supervision.

### A.  Standard of Review

We apply the abuse of discretion standard. *See Montgomery v. State*, 99 S.W.3d 257, 260 (Tex. App.—Fort Worth, pet. struck). In determining whether the trial court abused its discretion, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim.

---

[2] *See* Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2009) (declaring that, when a judge, rather than a jury, assesses punishment, the judge may not place the defendant on community supervision if it is shown that the defendant has two prior felony convictions).

6

App. 2005). An abuse of discretion is shown only when the trial court's ruling lies outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

B. Guilty Plea

Under article 26.13 of the Texas Code of Criminal Procedure, the trial court must admonish the defendant of the range of punishment before the court accepts a plea of guilty. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2009). The purpose of article 26.13 is to ensure that only constitutionally valid pleas are entered by defendants and accepted by courts. *Meyers v. State*, 623 S.W.2d 397, 402 (Tex. Crim. App. [Panel Op.] 1981); *Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd). A constitutionally valid guilty plea must be given knowingly and voluntarily. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); *Lemmons*, 133 S.W.3d at 757. The trial court's substantial compliance with article 26.13(a) is a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(c); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Lemmons*, 133 S.W.3d at 757.

A trial court substantially complies with article 26.13 when it admonishes the defendant of the appropriate range of punishment, the sentence given is

7

within the range prescribed by the law, and the defendant fails to affirmatively show harm. *See Hughes v. State*, 833 S.W.2d 137, 139–40 (Tex. Crim. App. 1992); *Lemmons*, 133 S.W.3d at 757. Upon substantial compliance by the trial court, the burden shifts to the defendant to affirmatively show that he was unaware of the consequences of his plea and that he was harmed by the admonishments. *Martinez*, 981 S.W.2d at 197; *Lemmons*, 133 S.W.3d at 757. If the defendant has stated that he understands the nature of his plea and that it was voluntary, then he has a "heavy burden" to prove on appeal that his plea was involuntary. *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.).

A guilty plea is not rendered involuntary merely because a defendant received a greater punishment than anticipated or because he did not assess every relevant factor when entering into his decision to plead guilty. *Lemmons*, 133 S.W.3d at 757; *Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.). Moreover, a voluntary plea does not become "vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." *State v. Vasquez*, 889 S.W.2d 588, 590 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (quoting *Ex parte Evans*, 690 S.W.2d 274, 277 (Tex. Crim. App. 1985)).

C. Discussion

Ward argues that, because he signed the applications for community supervision and because he made statements during the punishment hearing pertaining to community supervision, the trial court should have stopped the proceedings "to determine if [Ward's] plea was based on an erroneous belief that probation was an option." Ward acknowledges that a trial court is not required to sua sponte withdraw a defendant's guilty plea but asserts the position that a trial court should be required to "take a pause in the proceedings to question a defendant" in order to determine if the defendant is fully aware of the consequences of his plea.

In support of his argument, Ward directs our attention to *Whitten v. State,* in which the Texas Court of Criminal Appeals explained that the rationale behind admonishing the defendant on the range of punishment is to make sure that the defendant enters his guilty plea with full knowledge of the consequences of that plea. 587 S.W.2d 156, 158 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) (en banc)*.*

It is well established that a trial court has no duty to admonish a defendant as to his eligibility for community supervision unless the trial court has volunteered an admonishment that included information on the availability

9

of community supervision or provided inaccurate information on the availability of community supervision. *See Ex parte Williams*, 704 S.W.2d 773, 776–77 (Tex. Crim. App. 1986); *Downs v. State*, 137 S.W.3d 837, 841 (Tex. App. Houston [1st Dist.] 2004, pet. ref'd). Here, Ward does not argue that the trial court provided inaccurate information as to the availability of community supervision. Nor does Ward contend that he actually labored under a mistaken impression. Instead, Ward complains that the line of questioning and arguments of his counsel revealed that his guilty pleas were "probably" not entered with full knowledge of the consequences and imposed a duty on the trial court to stop the proceedings, inquire into Ward's mistaken belief, and correct any misunderstandings.

Ward, however, cites no authority to support this proposition, and we have discovered none. *Cf. Tabora v. State*, 14 S.W.3d 332, 334–35 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (concluding that defendant's plea was voluntary even though defendant mistakenly believed he was eligible for deferred adjudication community supervision and the misunderstanding was not the result of the trial court's actions); *Shepherd v. State*, 673 S.W.2d 263, 269 (Tex. App.—Houston [1st Dist.] 1984, no pet.) (concluding that the trial court did not have an affirmative duty to admonish defendant on his ineligibility for community supervision because the trial court did not mislead the defendant);

10

*see also Houston v. State*, 201 S.W.3d 212, 217–18 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (noting lack of authority for duty of trial court to sua sponte withdraw a guilty plea when defendant is mistaken in believing he was eligible for community supervision).

In the absence of authority imposing such a duty on the trial court to correct an apparent misunderstanding as to the eligibility of community supervision that is the result of the defendant's own mistaken belief, we conclude that the trial court did not abuse its discretion by failing to readmonish Ward. Moreover, the trial court did advise Ward at the punishment hearing that probation was not an option, and Ward made no objection or attempt to withdraw his plea of guilty at that time.[3]

The trial judge literally complied with the statutory requirements of article 26.13(a), and Ward has not argued nor shown that he was misled or harmed by the court's admonishments. Tex. Code Crim. Proc. Ann. art. 26.13(a),(c);

---

[3] Ward does not argue that he labored under any misconception that deferred adjudication community supervision, for which he was technically eligible, was not a possibility under the circumstances. *See* Tex. Code Crim. Proc. art. 42.12 § 5(d)(1)(A) (listing offenses for which deferred adjudication is excluded). The trial judge, however, was not obligated to place Ward on deferred adjudication community supervision simply because that option was available.

*see also Ex parte Williams*, 704 S.W.2d at 776–77.  Accordingly, we overrule Ward's sole issue.

## IV.  Conclusion

Having overruled Ward's sole issue, we affirm the trial court's judgments.


ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 3, 2009