Opinion issued October 20, 2015



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00758-CR

_____

**RICHARD CONTRERAS, SR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1401233

## MEMORANDUM OPINION

Richard Contreras pleaded guilty to aggravated sexual assault of a child under 14 years of age and was sentenced to 50 year's confinement. In two issues, he contends that he received ineffective assistance of counsel at his sentencing hearing. We affirm.

## Background

Richard Contreras pleaded guilty to aggravated sexual assault of a child under 14 years of age, his niece. During Contreras's sentencing hearing, neither the State nor Contreras called witnesses. The State waived its right to an opening statement and instead presented a brief 105-word argument. Contreras's trial counsel made a brief 64-word argument.

After reviewing the presentence investigation report and holding a sentencing hearing, the trial court sentenced Contreras to 50 years in the Texas Department of Criminal Justice Institutional Division.

## Ineffective Assistance of Counsel

In his first issue, Contreras argues that "the record hints at a strong family support, a clean criminal history, opportunities for employment, and a low probability of recidivism. Counsel did not develop these arguments before the trial court, nor did she seek independent expert opinions to buttress her case for a lower sentence. Her only statements, that [Contreras] was sorry and that he had two young children, could have been made by any layman."

The State argues that "[t]he totality of the representation afforded [Contreras] was well above the prevailing professional norms." Even if trial counsel was deficient, Contreras "cannot show that he was harmed by her performance."

2

## A.    Standard of review

To prove ineffective assistance of counsel, a defendant must satisfy the two "*Strickland* prongs" by "show[ing], by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different." *Apolinar v. State*, 106 S.W.3d 407, 416 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)).

"When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813 (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); *Shepherd v. State*, 673 S.W.2d 263, 267 (Tex. App.—Houston [1st Dist.] 1984, no pet.).

## B. Deficient performance

With respect to the first *Strickland* prong, "there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." *Gavin v. State*, 404 S.W.3d 597, 603 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). We "must not second-guess legitimate strategic or tactical decisions made by trial counsel" and instead must yield to a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008).

When a defendant argues that trial counsel should have presented additional evidence, he must show what evidence counsel could have presented. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004); *see Mayo v. State*, No. 11-07-00203-CR, 2009 WL 342694, at *1 (Tex. App.—Eastland Feb. 12, 2009, no pet.) (mem. op., not designated for publication) (declining to hold counsel ineffective when defendant did not show testimony hypothetical witnesses could have provided at sentencing hearing). All of the evidence supporting the arguments Contreras claims could have been "further developed" at the hearing was already in the presentence investigation report. Counsel does not need to call witnesses to repeat the evidence in a presentence investigation report at a sentencing hearing,

4

nor does trial counsel need to repeat this evidence during his argument at the sentencing hearing. *See Handley v. State*, No. 01-91-00251-CR, 1992 WL 27475, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 20, 1992, pet. ref'd) (mem. op., not designated for publication) (holding "comparatively short" argument at sentencing hearing and failure to call witnesses at same hearing did not constitute ineffective assistance because information was already in presentence investigation report); *Castruita v. State*, No. 03-10-00419-CR, 2012 WL 2981105, at *2–3 (Tex. App.—Austin July 12, 2012, no pet.) (mem. op., not designated for publication) (holding counsel who did not call character witnesses at sentencing hearing was not ineffective because information witnesses could have offered was in presentence investigation report). Contreras has not established deficient performance for counsel's failure to call these witnesses.

Neither has he established deficient performance by failing to make a longer argument at the hearing. In her affidavit filed in conjunction with Contreras's motion for new trial, Contreras's trial counsel says that she told Contreras, "[The trial judge] does not like the actions minimized at all. We will do better to accept responsibility." Thus, it appears counsel adopted a strategy of not overemphasizing mitigating factors but, rather, accepting responsibility in hopes of minimizing the sentence imposed by the trial judge.

Such a strategy does not constitute ineffective assistance of counsel. Because Contreras cannot establish the first *Strickland* prong, we do not reach the second *Strickland* prong. We overrule his first issue.

Contreras's second issue that "the trial court erroneously denied appellant's motion for new trial based on an incorrect statement of law" argues that the trial court should have granted his "motion based on the interests of justice following a claim of ineffective assistance of counsel." We have rejected Contreras's argument that he received ineffective assistance of counsel and, therefore, reject this argument as well.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).